UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Curatolo, et al.,** | ) | **CASE NO. 5:10 CV 607** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Allstate Insurance Company, Inc., et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon the Motion for Partial Dismissal of Defendant Allstate Insurance Company (Doc. 4). Also pending are the Motion to Dismiss of Defendants Lee Paulson and Chris Paulson (Doc. 5) and the Motion to Dismiss of Defendant Victoria Hoenigman (Doc. 6). This is an insurance dispute. For the reasons that follow, the motions are GRANTED. Defendants Lee Paulson, Chris Paulson, and Victoria Hoenigman are hereby DISMISSED. Count five, as it relates to Allstate, is dismissed in its entirety and count four is dismissed to the extent it relies on O.R.C. § 3901.21 and O.A.C. § 3901-1-07. Accordingly, counts one, two, three, and count four, to the extent it is based on the duty of good faith and fair

1

dealing implied by law, remain pending against defendant Allstate.

**FACTS**

For the purpose of ruling on defendants' motions, the following facts are presumed true.

Plaintiffs, Yvonne Curatolo d/b/a Knox Hearing Aid Services ("Knox") and Yvonne Curatolo, individually, filed this lawsuit against defendants, Allstate Insurance Company ("Allstate"), Victoria Hoenigman, Lee Paulson, and Chris Paulson, alleging wrongdoing in connection with the denial of certain insurance claims.

Knox appears to be in the business of selling hearing related services and equipment. Defendants Lee Paulson, Chris Paulson, and Victoria Hoenigman are alleged to be employees, agents, or contractors of Allstate.  Knox obtained business insurance through Allstate.  In addition, plaintiff maintained a homeowner's policy with defendant Allstate.  Over the course of the past few years, plaintiffs filed five claims with Allstate.  One claim involved loss due to a sewer backup.  The remaining four claims involved theft or vandalism.  Allstate denied coverage for the claims.  Thereafter, plaintiffs filed this lawsuit asserting five claims for relief.  Counts one and two assert claims for declaratory relief and breach of contract, respectively.  Count three seeks specific performance.  Count four is a claim for "breach of the duty of good faith and fair dealing."  Count five is a claim for infliction of emotional distress.

Defendants Lee Paulson, Chris Paulson, and Victoria Hoenigman (the "Individual Defendants") seek dismissal of all of the claims filed against them.  Defendant Allstate seeks dismissal of counts four and five.  Plaintiffs offer no opposition to the motions.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  However, the complaint must set forth "more than the bare assertion of legal conclusions."  *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).  Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*.  Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

**ANALYSIS**

1. Counts one, two, and three

The Individual Defendants move to dismiss counts one through three. Plaintiffs do not oppose the motion. The Individual Defendants argue that these claims are asserted only against Allstate. Upon review of the complaint, and without any argument from plaintiffs, the Court agrees with the Individual Defendants. Plaintiffs do not allege that any of the Individual Defendants are parties to the insurance agreements. Moreover plaintiffs expressly allege that the polices obligate *Allstate* to pay for the losses. Count one indicates that "an actual and justiciable controversy exists between plaintiffs and Allstate." (Compl. ¶ 15). Count two alleges that plaintiffs incurred damages as a result of the breach of contract by "*this* defendant." (Compl. ¶ 23). Count three contains similar references. (*See, e.g.*, Compl. ¶¶ 25, 27). Accordingly, the Court construes the complaint as asserting counts one through three against Allstate only. Allstate does not seek dismissal of these counts and, as such, they remaining pending against Allstate.

2. Count four (Breach of duty of good faith and fair dealing)

The Individual Defendants argue that they cannot be held liable under count four because they are not parties to the insurance agreement. Again, plaintiffs fail to offer any response. This Court agrees with the Individual Defendants. *See, e.g., Eastham v. Nationwide Mut. Ins. Co.*, 586 N.E.2d 1131, 1133 (Oh. Ct. App. 1st Dist. 1990)("liability for bad faith must be strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of the underlying contractual relationship").

Allstate also seeks dismissal of count four. According to Allstate, there is no private

cause of action under O.R.C. § 3901.21 and O.A.C. § 3901-1-07.  This Court agrees.  *See, e.g.*, *Furr v. State Farm Mt. Auto Ins. Co.*, 716 N.E.2d 250 (Oh. Ct. App. 6th Dist. 1998).  It is slightly unclear whether Allstate seeks dismissal of this count in its entirety, or only to the extent it is based on these code provisions.  Regardless, the Court concludes that count four states a claim for relief to the extent it is based a breach of the duty of good faith and fair dealing implied by law.  *See*, Compl. ¶ 31 ("[Defendants] duty of good faith and fair dealings to plaintiffs is also implied by law...").  Accordingly, count four remains pending against defendant Allstate to the extent it alleges a breach of the duty of good faith and fair dealing implied by law.

        3.      Count five

In count five, plaintiff Curatolo asserts a claim for "infliction of emotional distress."  All defendants seek dismissal of this claim on the grounds that the allegations fail to state a claim for which relief may be granted.  Again, plaintiff offers no response.  Upon review of the allegations, the Court agrees with defendants that dismissal is warranted.  Plaintiff does not specify whether she is asserting a claim for negligent, as opposed to intentional, infliction of emotional distress.  Regardless, the complaint fails to state a claim under either theory.

Under Ohio law, a claim for negligent infliction of emotional distress exists only to the extent that the plaintiff "has either witnessed or experienced a dangerous accident or appreciated the actual physical peril."  *Heiner v. Moretuzzo*, 652 N.E.2d 664, 669 (Ohio 1995).  *See also Kulch*, 677 N.E.2d 308 (rejecting claim for negligent infliction of emotional distress in employment context based on *Heiner*); *Paugh v. Hanks*, 451 N.E.2d 759 (Ohio 1983).

In this case, plaintiff fails to allege that she witnessed or experienced a dangerous accident, or suffered actual physical peril.  Rather, the allegations relate to a claim for breach of

5

contract.  As such, plaintiff fails to assert a claim for negligent infliction of emotional distress.

The Ohio Supreme Court adopted the Restatement approach and first recognized a cause of action for intentional infliction of emotional distress in *Yeager v. Local Union 20*, 453 N.E.2d 666, 670-671 (Ohio 1983).  Under Ohio law,

> [i]n order to recover on an action for intentional infliction of serious emotional distress four elements must be proved: 1) that the actor either intended to cause emotional distress or knew or should have known the actions taken would result in serious emotional distress to the plaintiff; 2) that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community;" 3) that the actor's actions were the proximate cause of plaintiff's psychic injury; 4) that the mental anguish suffered by plaintiff is serious and of a nature that "no reasonable man could be expected to endure it.

*Pyle v. Pyle*, 463 N.E.2d 98, 103 (Ohio App. 8th Dist. 1983).

However, "liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."  *Reamsnyder v. Jaskolski*, 462 N.E.2d 392, 394 (Ohio 1984) (citations omitted).

Upon review, the Court finds that plaintiff fails to allege a claim for intentional infliction of emotional distress.  Plaintiff fails to allege any conduct whatsoever on the part of the defendants that could possibly amount to intentional infliction of emotional distress.  Again, as set forth above, the factual allegations set forth in the complaint all relate to an alleged breach of certain insurance contracts.  There are no facts identifying any conduct that would be "utterly intolerable in a civilized community."  Accordingly, count five is dismissed as to all defendants.

**CONCLUSION**

For the foregoing reasons, the Motion for Partial Dismissal of Defendant Allstate

Insurance Company, Motion to Dismiss of Defendants Lee Paulson and Chris Paulson, and the Motion to Dismiss of Defendant Victoria Hoenigman are GRANTED. Defendants Lee Paulson, Chris Paulson, and Victoria Hoenigman are hereby DISMISSED. Count five, as it relates to Allstate, is dismissed in its entirety and count four is dismissed to the extent it relies on O.R.C. § 3901.21 and O.A.C. § 3901-1-07. Accordingly, counts one, two, three, and count four, to the extent it is based on the duty of good faith and fair dealing implied by law, remain pending against defendant Allstate.

      IT IS SO ORDERED.


                                     /s/ Patricia A. Gaughan
                                  PATRICIA A. GAUGHAN
                                  United States District Judge


Dated: 5/13/10